FILED
CLERK OF THE
BANKRUPTCY COURT
DISTRICT OF CT

2004 NOV 19 PM 1: 53

NEW HAVEN DIVISION

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### New Haven Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| PATRICIA A. MORRIS,<br>    Debtor | : |
| U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE,<br>    Movant | :<br>: CASE NO. 04-34886 (ASD) |
| vs. | : |
| PATRICIA A. MORRIS and MOLLY T.<br>WHITON, TRUSTEE,<br>    Respondents | :<br>: NOVEMBER 17, 2004 |

### MOTION TO DISMISS WITH PREJUDICE AND SANCTIONS

U. S. Bank National Association, as Trustee ("Bank") moves to dismiss this case under 11 U.S.C. Section 1307(c) with prejudice and sanctions on the ground that the Debtor and her attorney filed this case in bad faith. The following facts establish the bad faith:

1. The Bank previously owned a first mortgage (the "Mortgage"), which encumbered real property known as 131 Lexington Avenue, New Haven, Connecticut (the "Property"), previously owned by the Debtor. Said Mortgage was in default because of non-payment.

2. The Bank commenced a foreclosure of said Mortgage in the Superior Court for the Judicial District of New Haven at New Haven (Docket No. CV-0460692 S) on account of said default.

3. On May 19, 2003, the Superior Court re-entered a judgment of strict foreclosure. (See Exhibit A).

4. Pursuant to said judgment, title to the Property vested in the Bank on July 22, 2003. (See Exhibit B).

5. The Bank subsequently initiated a summary process action in the New Haven Housing Court (Docket No. NHSP-076208) against the Debtor and others (identified as "John Doe", "Jane Doe" and "Pat Doe") by issuance of a Notice to Quit dated August 3, 2003.

6. On September 26, 2003, the Clerk of the New Haven Superior Court issued an execution for ejectment in the foreclosure action and an eviction was scheduled for October 24, 2003.

7. On October 10, 2003, the Debtor, by her attorney, Joseph P. Rigoglioso, filed a Chapter 13 petition for relief (case number 03-35054 lmw) (the "first bankruptcy"), thereby staying both the execution for ejectment and summary process action.

8. On October 10, 2003, the Debtor and Attorney Rigoglioso also filed a Chapter 13 Plan in the first bankruptcy. (See Exhibit C). The Plan proposed to pay a mortgage arrearage to the Bank with current mortgage payments being paid outside of the Plan, despite the fact that title to the Property had already vested in the Bank and there was, therefore, no longer a mortgage to cure or pay.

9. On November 25, 2003 Judge Weil granted the Bank's motion for relief from stay to proceed with the foreclosure and summary process actions. (See Exhibit D).

10. On January 13, 2004, a judgment for possession of the Property entered in favor of the Bank in the summary process action, and against the Debtor, John Doe, Jane Doe and Pat Doe. The Housing Court Judge ordered a final stay of execution through April 15, 2004, on condition that the Debtor make $1,200 per month use and occupancy payments. (See Exhibit E).

11. On February 23, 2004, Judge Weil dismissed the first bankruptcy with prejudice and a 180-day bar to re-filing. (See Exhibit F).

12. On April 19, 2004, the Clerk of the New Haven Housing Court issued an execution for possession and another eviction was scheduled for May 13, 2004.

13. On May 3, 2004 one Frank Schultz, by Attorney Rigoglioso, filed an amended Chapter 13 petition for relief (case number 04-31578 lmw) (the "second bankruptcy"). Schultz claimed to be one of the "Doe" defendants in the summary process action, thereby staying the summary process eviction.

14. On June 16, 2004, Judge Weil granted the Bank's motion for relief from stay to proceed with the summary process action. (See Exhibit G).

15. On July 12, 2004, Judge Weil dismissed the second bankruptcy without prejudice. (See Exhibit H).

16. On June 22, 2004, the Clerk of the New Haven Housing Court re-issued an execution for possession and another eviction was scheduled for July 8, 2004.

17. On July 2, 2004, one Shannon Morris, by Attorney Rigoglioso, filed a Chapter 13 petition for relief (case number 04-33147 asd) (the "third bankruptcy"). Shannon Morris claimed to be one of the "Doe" defendants in the summary process action, thereby staying the summary process eviction.

18. On July 29, 2004, Judge Dabrowski granted the Bank's motion for relief from stay to proceed with the summary process action. (See Exhibit I).

19. On October 18, 2004, Judge Dabrowski dismissed the third bankruptcy without prejudice. (See Exhibit J).

20. On August 5, 2004, the Clerk of the New Haven Housing Court re-issued an execution for possession and another eviction was scheduled for September 2, 2004.

21. On September 1, 2004, said Frank Schultz, by Attorney Rigoglioso, filed another Chapter 13 petition for relief (case number 04-34122 lmw) (the "fourth bankruptcy"). Schultz again claimed to be one of the "Doe" defendants in the summary process action, thereby again staying the summary process eviction.

22. On October 7, 2004, Judge Dabrowski granted the Bank's motion for relief from stay to proceed with the summary process action. (See Exhibit K).

23. On October 15, 2004, the Clerk of the New Haven Housing Court re-issued an execution for possession and another eviction was scheduled for November 8, 2004.

24. On October 19, 2004, the Debtor, by Attorney Rigoglioso, filed this Chapter 13 petition for relief (the "fifth bankruptcy"), thereby again staying the summary process eviction.

25. On October 19, 2004, the Debtor and Attorney Rigoglioso filed a Chapter 13 Plan in the fifth bankruptcy. (See Exhibit L). The Plan again proposed to pay a mortgage arrearage to the Bank with current mortgage payments being paid outside of the Plan, despite the fact that title to the Property had already vested in the Bank and there was, therefore, no longer a mortgage to cure or pay.

26. The instant filing of the Chapter 13 petition by the Debtor prior to another scheduled eviction is the fifth petition filed by Attorney Rigoglioso on behalf of occupants of the Property within the past year and is filed in bad faith solely for purposes of delay.

27. There is not a likelihood of a successful reorganization of the Debtor.

28. The Debtor's filing of this bankruptcy petition constitutes a misuse and abuse of the bankruptcy process.

29. The Debtor, Frank Schultz and Shannon Morris have occupied the Property since April 15, 2004, without making any use and occupancy payments.

WHEREFORE, U. S. Bank National Association, as Trustee respectfully moves this Court to dismiss the Chapter 13 petition with prejudice for the reasons cited above, and that this Court order that the Debtor and Attorney Rigoglioso pay appropriate sanctions for their abuse of the bankruptcy process.

THE MOVANT, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE

By: _____
Matthew B. Woods (ct06044)
**Goldman Gruder & Woods, LLC**
200 Connecticut Avenue
Norwalk, CT 06854
Tel: 203-899-8900

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

IN THE MATTER OF

DEBTOR(S)

CASE NO. 04-34886

ADV. NO.

DOC. #

# SUBSTITUTION FORM

The attachments to this document were not imaged. If these attachments need to be reviewed and/ or copied, please refer to the original case file.

DEBORAH S. HUNT
CLERK OF COURT