UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| PATRICIA A. MORRIS, | : | |
| Debtor | : | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION, | : | |
| AS TRUSTEE, | : | |
| Movant | : | CASE NO. 04-34886 (ASD) |
| | : | |
| vs. | : | |
| | : | |
| PATRICIA A. MORRIS and MOLLY T. | : | |
| WHITON, TRUSTEE, | : | |
| Respondents | : | DECEMBER 28, 2004 |

## MOTION FOR SANCTIONS

U. S. Bank National Association, as Trustee ("Bank") moves for sanctions, pursuant to Bankruptcy Rule 9011(c), 28 U.S.C.A. §1927, 11 U.S.C.A. §105(a), and the Court's inherent power, on the ground that the Debtor and her attorney filed this case and prior related cases in bad faith. The following facts establish the bad faith:

1. The Bank previously owned a first mortgage (the "Mortgage"), which encumbered real property known as 131 Lexington Avenue, New Haven, Connecticut (the "Property"), previously owned by the Debtor. Said Mortgage was in default because of non-payment.

2.    The Bank commenced a foreclosure of said Mortgage in the Superior Court for the Judicial District of New Haven at New Haven (Docket No. CV-0460692 S) on account of said default.

3.    On May 19, 2003, the Superior Court re-entered a judgment of strict foreclosure. (See Exhibit A).

4.    Pursuant to said judgment, title to the Property vested in the Bank on July 22, 2003. (See Exhibit B).

5.    The Bank subsequently initiated a summary process action in the New Haven Housing Court (Docket No. NHSP-076208) against the Debtor and others (identified as "John Doe", "Jane Doe" and "Pat Doe") by issuance of a Notice to Quit dated August 8, 2003.

6.    On September 26, 2003, the Clerk of the New Haven Superior Court issued an execution for ejectment in the foreclosure action and an eviction was scheduled for October 24, 2003.

7.    On October 10, 2003, the Debtor, by her attorney, Joseph P. Rigoglioso, filed a Chapter 13 petition for relief (case number 03-35054 lmw) (the "first bankruptcy"), thereby staying both the execution for ejectment and summary process action.

8.    On October 10, 2003, the Debtor and Attorney Rigoglioso also filed a Chapter 13 Plan in the first bankruptcy. (See Exhibit C). The Plan proposed to pay a mortgage arrearage to the Bank with current mortgage payments being paid outside of the Plan,

despite the fact that title to the Property had already vested in the Bank and there was, therefore, no longer a mortgage to cure or pay.

9.  On November 25, 2003 Judge Weil granted the Bank's motion for relief from stay to proceed with the foreclosure and summary process actions. (See Exhibit D).

10.  On January 13, 2004, a judgment for possession of the Property entered in favor of the Bank in the summary process action, and against the Debtor, John Doe, Jane Doe and Pat Doe. The Housing Court Judge ordered a final stay of execution through April 15, 2004, on condition that the Debtor make $1,200 per month use and occupancy payments. (See Exhibit E). The Debtor made three (3) such payments during January, February and March, 2004.

11.  On February 23, 2004, Judge Weil dismissed the first bankruptcy with prejudice and a 180-day bar to re-filing. (See Exhibit F).

12.  On April 19, 2004, the Clerk of the New Haven Housing Court issued an execution for possession and another eviction was scheduled for May 13, 2004.

13.  On May 3, 2004 one Frank Schultz, by Attorney Rigoglioso, filed an amended Chapter 13 petition for relief (case number 04-31578 lmw) (the "second bankruptcy"). Schultz claimed to be one of the "Doe" defendants in the summary process action, thereby staying the summary process eviction.

14.  On June 16, 2004, Judge Weil granted the Bank's motion for relief from stay to proceed with the summary process action. (See Exhibit G).

15.  On July 12, 2004, Judge Weil dismissed the second bankruptcy without prejudice. (See Exhibit H).

16.  On June 22, 2004, the Clerk of the New Haven Housing Court re-issued an execution for possession and another eviction was scheduled for July 8, 2004.

17.  On July 2, 2004, one Shannon Morris, by Attorney Rigoglioso, filed a Chapter 13 petition for relief (case number 04-33147 asd) (the "third bankruptcy"). Shannon Morris claimed to be one of the "Doe" defendants in the summary process action, thereby staying the summary process eviction.

18.  On July 29, 2004, Judge Dabrowski granted the Bank's motion for relief from stay to proceed with the summary process action. (See Exhibit I).

19.  On October 18, 2004, Judge Dabrowski dismissed the third bankruptcy without prejudice. (See Exhibit J).

20.  On August 5, 2004, the Clerk of the New Haven Housing Court re-issued an execution for possession and another eviction was scheduled for September 2, 2004.

21.  On September 1, 2004, said Frank Schultz, by Attorney Rigoglioso, filed another Chapter 13 petition for relief (case number 04-34122 lmw) (the "fourth bankruptcy"). Schultz again claimed to be one of the "Doe" defendants in the summary process action, thereby again staying the summary process eviction.

22.  On October 7, 2004, Judge Dabrowski granted the Bank's motion for relief from stay to proceed with the summary process action. (See Exhibit K).

4

23. On October 15, 2004, the Clerk of the New Haven Housing Court re-issued an execution for possession and another eviction was scheduled for November 8, 2004.

24. On October 19,2004, the Debtor, by Attorney Rigoglioso, filed this Chapter 13 petition for relief (the "fifth bankruptcy"), thereby again staying the summary process eviction.

25. On October 19, 2004, the Debtor and Attorney Rigoglioso filed a Chapter 13 Plan in the fifth bankruptcy. (See Exhibit L). The Plan again proposed to pay a mortgage arrearage to the Bank with current mortgage payments being paid outside of the Plan, despite the fact that title to the Property had already vested in the Bank and there was, therefore, no longer a mortgage to cure or pay. The Debtor had acknowledged as much by making the three use and occupancy payments described in paragraph 10 above.

26. The instant filing of the Chapter 13 petition by the Debtor prior to another scheduled eviction was the fifth petition filed by Attorney Rigoglioso on behalf of occupants of the Property within the past year and was filed in bad faith solely for purposes of delay.

27. On December 6, 2004, Judge Weil dismissed the fourth bankruptcy with prejudice and a one-year bar to re-filing. (See Exhibit M).

28. On December 9, 2004, Judge Weil granted the Bank's motion for relief from stay to proceed with the summary process action. (See Exhibit N).

5

29. On December 23, 2004, Judge Dabrowski granted the Bank's motion to dismiss this, the fifth bankruptcy, with prejudice and a two-year bar to re-filing. Judge Dabrowski denied, without prejudice, the Bank's request for sanctions with leave to file this motion citing the authority pursuant to which sanctions were sought.

30. The Debtor's and Attorney Rigoglioso's filing of this bankruptcy petition constituted a misuse and abuse of the bankruptcy process. Attorney Rigoglioso admitted in open court that all five bankruptcies were filed as part of a campaign to induce, and effectively bludgeon the Movant to sell the Property to a third party relative of the Debtor.

31. The Debtor, Frank Schultz and Shannon Morris have occupied the Property since April 15, 2004, without making any use and occupancy payments. Since May 13, 2004, the date of the first cancelled eviction, over seven months have elapsed at a monthly value of $1,200 as previously set by Superior Court Judge Leavitt as described in paragraph 10 above.

32. The Bank incurred $525 in marshal's and mover's fees on account of the cancelled evictions outlined above.

33. The Bank incurred $750 in filing fees for the five motions for relief from stay outlined above.

34. The Bank incurred $1,750 in attorney's fees for the five motions for relief from stay outlined above plus $750 in attorney's fees for the motion to dismiss and motion for sanctions in this case.

6

WHEREFORE, U. S. Bank National Association, as Trustee respectfully moves that this Court order the Debtor and Attorney Rigoglioso to pay appropriate sanctions for their abuse of the bankruptcy process.

THE MOVANT, U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE


By: _____
    Matthew B. Woods (ct06044)
    **Goldman Gruder & Woods, LLC**
    200 Connecticut Avenue
    Norwalk, CT 06854
    Tel: 203-899-8900

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

IN THE MATTER OF *Patricia Morris*

DEBTOR(S)  CASE NO. *04-34886*

ADV. NO.

~~DOC #~~

# SUBSTITUTION FORM

The attachments to this document were not imaged. If these attachments need to be reviewed and/ or copied, please refer to the original case file.

DEBORAH S. HUNT
CLERK OF COURT